NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
BRENT A. WHITTLESEY (Cal. Bar No. 73493)
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5421
    Facsimile: (213) 894-0142
    E-mail: Brent.Whittlesey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-CV-07340 |
| Plaintiff, | VERIFIED COMPLAINT FOR FORFEITURE |
| v. | 21 U.S.C. § 881(a)(6) |
| $45,500.00 IN U.S. CURRENCY, | [DEA] |
| Defendant. | |

    Plaintiff United States of America brings this claim against the defendant $45,500.00 in U.S. Currency, and alleges as follows:

### JURISDICTION AND VENUE

    1.  This is an <u>in rem</u> civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

    2.  This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395.

## PERSONS AND ENTITIES

4. The plaintiff in this action is the United States of America.

5. The defendant in this action is $45,500.00 in U.S. Currency (the "defendant currency"), seized during a traffic stop on January 16, 2020 from a vehicle driven by and registered to Karla Patricia Peraza ("Peraza") at the Encinitas Fire Station #2 located at 618 Birmingham Drive, Cardiff, California.

6. The defendant currency is currently in the custody of the United States Marshals Service in this District, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Peraza may be adversely affected by these proceedings.

## BASIS FOR FORFEITURE

8. The U.S. Drug Enforcement Administration ("DEA") is a participant in the San Bernardino County Sheriff's Department Inland Regional Narcotics Enforcement Team ("IRNET"). In connection with the investigation of a narcotics trafficking organization, IRNET investigators determined that Peraza acted as a courier for the transportation of narcotics proceeds from Los Angeles County to other locations in California.

9. On January 16, 2020, IRNET investigators followed a vehicle registered to Peraza ("Peraza vehicle") on the Interstate 5 freeway in the vicinity of Encinitas, California. During surveillance, San Bernardino County Sheriff's Detective M. Chavez ("Det. Chavez"),

2

observed the Peraza vehicle traveling southbound on the 5 freeway at 70 miles per hour in a construction zone with a posted speed limit of 55 miles per hour and Det. Chavez initiated a traffic stop.

10. The driver of the vehicle (later identified as Peraza) stopped at the Encinitas Fire Station #2.

11. Det. Chavez asked Peraza where Peraza was going, and Peraza stated that she was traveling from her residence in Los Angeles to Chula Vista, California to visit her sister for the sister's birthday. Peraza planned on staying at the sister's for a short time and returning to Los Angeles the same night. Peraza was not sure where her sister lived, and told Det. Chavez that when Peraza approached Chula Vista, Peraza was to telephone the sister. Peraza appeared to be nervous. Peraza looked away from Det. Chavez and paused while speaking to the officer. Det. Chavez considered it implausible that Peraza was on the way to visit a sister for a brief visit when Peraza still had an hour to drive to reach Chula Vista, did not know the address for the sister's house and stated that she planned to return to Los Angeles the same night.

12. Det. Chavez conducted a records check on Peraza and learned that Peraza had an outstanding arrest warrant for violation of California Penal Code section 148, resisting peace officers in the performance of their duties. Peraza has a prior arrest for transportation of narcotics.

13. Det. Chavez suspected that Peraza was engaged in criminal activity. He asked Peraza if there were any illegal items such as firearms, stolen property or narcotics in the vehicle, and Peraza stated that there was not. Det. Chavez requested consent from Peraza

to a search of the vehicle. Peraza consented to a search of the vehicle.

14. Det. Chavez deployed his canine partner, Eros, a trained narcotics detection canine. Eros alerted to the scent of narcotics coming from the vehicle. The windows of the vehicle were rolled down, and Eros attempted to jump inside the vehicle. Det. Chavez opened a door of the vehicle and allowed Eros to sniff the interior of the vehicle. When Det. Chavez opened the front passenger door of the vehicle, Eros alerted to the scent of narcotics coming from a pink and white Victoria's Secret bag on the floorboard of Peraza's vehicle. The alert by Eros indicated that the contents of the bag had recently been in proximity to narcotics.

15. Det. Chavez returned Eros to his patrol vehicle, returned to the Peraza vehicle, investigated the contents of the Victoria's Secret bag and observed a vacuum sealed plastic bag containing four rubber banded bundles of currency, <u>i.e.</u>, the defendant currency. Three bundles contained $100 and $20 denomination bills. The fourth bundle contained bills in $100, $20, $10 and $5 denominations.

16. Narcotics currency couriers commonly vacuum seal currency that is the proceeds of narcotics transactions in order to attempt to prevent trained narcotics detection canines from alerting to the currency they are transporting.

17. The currency was organized into bundles secured with rubber bands. Narcotics dealers frequently wrap bundles of currency with rubber bands.

18. The defendant currency was in denominations consistent with drug trafficking and consisted of 127 $100 bills, 48 $50 bills, 1,513 $20 bills, nine $10 bills and 10 $5 bills.

19. Det. Chavez asked Peraza about the package of currency. Peraza stated that it did not belong to her. Peraza stated that she was doing a favor for a friend by taking the currency to her sister's house. However, Peraza was unable to identify the friend, who Peraza knew only as "Lucas." Peraza stated that Lucas owned an automobile dealership and had a lot of money. Peraza was unable to provide contact information for Lucas. Peraza again told Det. Chavez that the currency did not belong to her. Peraza was told that the currency was $20,000, but had not counted it.

20. In 1995, Peraza was convicted of a felony charge of transportation of narcotics for sale in violation of section 11352(A) of the California Health and Safety Code, and sentenced to 43 days in jail and a 36 month term of probation.

21. Officer M. Salazar ("Officer Salazar") is a narcotics investigator with the San Bernardino Sheriff's Department and was present during the traffic stop of Peraza. Officer Salazar conducted a financial interview of Peraza, who told the officer that Peraza was employed at a Ross store in Paramount, California, earning $16 an hour. Peraza also stated that she received $400 a month in child support, and had no other source of income.

22. Peraza also told Officer Salazar that the money was not hers, and belonged to "Sam" who was Peraza's sister's boyfriend. Peraza had received the money from Sam at a Jack-in-the-Box restaurant in Ontario, California, and was supposed to drop the money

5

off with her sister in Chula Vista. The sister had asked Peraza to pickup the money and bring it to Chula Vista. Peraza claimed that the money was intended for her sister to use to purchase a house, and Peraza believed there was $10,000 in the plastic bag.

23. Peraza again told Officer Salazar that the currency did not belong to her. Peraza signed a disclaimer of ownership of the currency.

24. As noted above, a trained, state certified narcotics detection canine named Eros conducted a sniff test of Peraza's vehicle and altered to the defendant currency. Eros was first certified as a narcotics detection canine on May 7, 2017 and was placed into service on May 7, 2017. Eros alerts to the odor of marijuana, cocaine, heroin and methamphetamine. On. January 30, 2020, the San Bernardino County Sheriff's Department recertified Eros and Det. Chavez as a narcotics detection team. Eros has received over 120 hours of training in order to ensure that Eros does not alert to currency itself but instead to the presence of controlled substances on the currency.

## CLAIM FOR RELIEF

25. Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotic trafficking or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 *et seq*. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

/ / /

/ / /

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant currency;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED: August 14, 2020

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Division

　　/s/ *Brent A. Whittlesey*
BRENT A. WHITTLESEY
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

VERIFICATION

I, Andrew Ruddell, hereby declare that:

1. I am a Special Agent of the U.S. Drug Enforcement Administration.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Verified Complaint for Forfeiture is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 13, 2020 in Riverside, California.

ANDREW RUDDELL
Special Agent,
Drug Enforcement Administration